**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4737**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES ALEXANDER PINEIRO,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge.  (CR-04-449)

Submitted:  March 30, 2006                    Decided:  April 5, 2006

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Peter D. Ward, LAW OFFICE OF PETER D. WARD, Baltimore, Maryland, for Appellant.  Michael Joseph Leotta, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Alexander Pineiro appeals the district court's judgment sentencing him to twenty-four months' imprisonment following his guilty plea to two counts of fraud in connection with access devices, in violation of 18 U.S.C. § 1029 (2000). His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious issues for appeal. Pineiro has been informed of his right to file a pro se supplemental brief but has not done so. The United States argues that this court must enforce the waiver of appellate rights provision in Pineiro's plea agreement. We agree.

This Court reviews de novo the validity of a waiver of the right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Whether such a waiver is knowing and intelligent depends upon the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct. United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective if the district court fails to question the defendant about it, United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. Davis, 954 F.2d at 186.

Here, Pineiro's waiver was clearly knowing and voluntary. The details of the waiver were clearly set forth in the written

- 2 -

plea agreement, which Pineiro had read, discussed with his attorney, and understood. He was twenty-five, a high school graduate, and not under the influence of drugs or alcohol when he entered his guilty plea. The district judge questioned him about the waiver of his appellate rights, and Pineiro stated that he understood the waiver.

In his plea agreement, Pineiro reserved the right to appeal a departure from his guideline range. His sentence was within the guidelines range. On appeal, Pineiro's counsel raises the issue of whether Pineiro is entitled credit for time spent in state custody , an issue within the scope of the appellate waiver. Accordingly, we dismiss the appeal based on the waiver provision in the plea agreement.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decision process.

DISMISSED